# AGNIFILO
# INTRATER

---

August 8, 2025

By ECF
The Honorable Denny Chin
United States Court of Appeals
Visiting Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *United States v. Uriel Kaykov*, 24 Cr. 504 (DC)

Dear Judge Chin:

   We write in response to the government's July 25, 2025, motions *in limine* (Dkt. No. 14: Gov't MIL) filed in the above-referenced case.

## I.  The Victim Should Not be Permitted to Testify Using Only Her First Name[1]

   The government requests that the alleged victim in this case be allowed to testify under her first name, "Kelly," and not be required to disclose uniquely identifying information, such as her address, names of her family members, and exact place of education or employment. In making this request, the government claims that these measures "are necessary to protect Kelly from potential harassment from the media and others and undue embarrassment." (Gov't MIL at 2.)

   Counsel opposes the government's motion as their request would violate the defendant's Confrontation Clause rights under the Sixth Amendment—which includes the right to ask the witness' name and address because, "when the credibility of a witness is in issue, the very starting point in exposing falsehood and bringing out the truth  through cross-examination must necessarily be to ask the witness who he is and where he lives." *Smith v. Illinois*, 390 U.S. 129, 131 (1968) (quotations omitted); *see also United States v. Naseer*, No. 10 CR 19 (S-4) (RJD), 2015 WL 13843166, at *2 (E.D.N.Y. Jan. 26, 2015) (noting that the Confrontation Clause generally "guarantees a defendant the right to question an adverse witness about identifying information, including his full name and address").

---

[1] Counsel has no objection to the government's motions *in limine* seeking to preclude the defense from eliciting evidence or making argument relating to (1) possible punishment or collateral consequences; or (2) the government's motives and charging decisions. (Gov't MIL at 5–7.) As to the government's motion *in limine* seeking to admit the victim's statements to a flight attendant after the alleged assault (Gov't MIL at 7–8), we ask that the Court defer ruling on this issue until trial to determine whether the government has established the necessary evidentiary requirements to admit these statements as present sense impressions or excited utterances.

The Honorable Denny Chin
August 8, 2025

Although a trial court has discretion "to impose reasonable limits" on cross-examination (*Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)), the government "must provide a reason for the limitation" when seeking "to limit the disclosure of identifying information in open court." *United States v. Marcus*, No. 05-CR-457 (ARR), 2007 WL 330388, at \*1 (E.D.N.Y. Jan. 31, 2007) (citing *United States v. Marti*, 421 F.2d 1263, 1266 (2d Cir. 1970)). Here, the government claims its request to have Kelly testify only using her first name and limited other personal information is "reasonable, necessary and appropriate to protect Kelly's safety and well-being, avoid harassment of Kelly by the press and others, and prevent undue embarrassment and other adverse consequences." (Gov't MIL at 4.) None of these concerns are present in this case. Specifically, there is no allegation that the defendant or anyone connected to the defendant has threatened or harassed Kelly. Moreover, there has been no press or media attention to this case. The government has also failed to adequately explain what "undue embarrassment" or "other adverse consequences" Kelly would likely suffer if she testified using her last name. Accordingly, the government's concerns are either unsubstantiated or speculative and should not outweigh the defendant's fundamental Sixth Amendment rights.

In addition, the Second Circuit has recognized "two central interests" when addressing limitations on a witness' identification at trial:

> First, the defense needs testimony as to a witness' [identity] on cross-examination so that the defense can obtain this information which may be helpful in investigating the witness out of court or in further cross-examination. Second, the defense may need the witness to reveal his address [or other identifying information] in court because knowledge of the [identifying information] by the jury might be important to its deliberations as to the witness' credibility or his knowledgeability.

*United States v. Raniere*, No. 20-3520-CR, 2022 WL 17544087, at \*6 (2d Cir. Dec. 9, 2022) (quoting *United States v. Marti*, 421 F.2d 1263, 1266 (2d Cir. 1970)). Counsel recognizes that the first concern is limited here, as the government has provided counsel with the victim's full name and birthdate (although not her address). In contrast, the second concern is paramount because this case boils down to Kelly's credibility. Counsel should therefore be allowed to cross-examine Kelly about potential financial motivations for her allegations. To do so, counsel should be permitted to question Kelly about the general area where she lives (as is relevant to her cost of housing), her schooling (as is relevant to student loans or other debts) and her employment (as is relevant to her salary).

While the government cites several cases in support of its request (Gov't MIL at 3–4), these cases are readily distinguishable as they concern more serious charges (*e.g.*, sex trafficking or rape), more embarrassing or humiliating conduct by the victim (*e.g.*, prostitution), had more significant media coverage or involved intimidation of the alleged victims. *See*, *e.g.*, *United States v. Raniere*, No. 20-3520-CR, 2022 WL 17544087, at \*6 (2d Cir. Dec. 9, 2022) (sex trafficking); *United States v. Graham*, No. 14-CR-500 NSR, 2015 WL 6161292, at \*10 (S.D.N.Y. Oct. 20, 2015) (finding that a "'legitimate and substantial' interest in protecting the Victim and the uncharged victims from 'likely adverse personal, professional and psychological consequences of publicly linking their identities' to their prior prostitution activity warrants protection of their

The Honorable Denny Chin
August 8, 2025

personal identifying information"); *United States v. Paris*, No. CR. 3:06-CR-64CFD, 2007 WL 1484974, at *2 (D. Conn. May 18, 2007) (ruling that the interests in protecting "witnesses from the likely adverse personal, professional and psychological consequences of publicly linking their identities to their past lives as sex workers is legitimate and substantial."); *United States v. Rivera*, 09-CR-619 (E.D.N.Y. Apr. 26, 2011), Dkt. No. 231 (victims' testimony "included graphic details about acts of forced prostitution and sexual contact"); *United States v. Bannister*, No. 15 CR. 537 (PAE), 2023 WL 2596890, at *1 (S.D.N.Y. Mar. 22, 2023) (the allegations included violent and abusive conduct over a prolonged period of time and the defendant threatened the victim and the victim's mother); *United States v. Martinez*, No. 17-CR-281 (ERK) (E.D.N.Y. Dec. 18. 2017), Dkt. No. 34 (the defendant, a lieutenant at the MDC, repeatedly raped the victim inmate and threatened her if she reported the abuse; the court also noted that the case had "already received significant national and local press coverage.").

Only two of the cited cases involve allegations of sexual assault on a plane. Both are distinguishable. In *United States v. Quraishi*, 15-CR-598, the defendant consented to the victim testifying with her first name only and defense counsel noted that there had been extensive press coverage of the case "from day one." *Quraishi*, 15-CR-598 (CBA), Dkt. No. 46: Pretrial Conf. Tr. at 7:10 (E.D.N.Y. Apr. 5, 2016). Here, the defendant objects to the government's request and there has been no media coverage of the case. In *United States v. Katz*, the government's allegation was that the defendant sexually assaulted the victim during a flight by inserting his fingers "into the victim's vagina and rubbing her clitoris to the extent that she experienced an unwanted orgasm." *Katz*, 19-CR-115 (FB), Dkt. No. 65: Gov't Sentencing Memorandum at 1. In support of its allegations, the government called an expert witness to offer the expert's "conclusion that the induction of arousal or orgasm, and that the particular timing of a reporting of sexual assault, are not indicative of whether a victim consented to sexual activity." *Id.* at Dkt. No. 54-1: Gov't Expert Notice at 2. Given the extremely personal nature of the victim's testimony and the expert's testimony regarding the victim's physical reaction to the alleged abuse, it is understandable that the court allowed the victim to testify using only her first name to avoid embarrassment.[2] Those concerns are not present here.

Considering the defendant's Sixth Amendment rights and because there are no allegations of threats or harassment, no media coverage and only speculative assertions of undue embarrassment or other adverse consequences, this Court should deny the government's request.

Respectfully,

Jacob Kaplan, Esq.

cc:    Gov't Counsel (via ECF)

---

[2] The government also argued that the *Katz* case would receive "prominent media coverage" because it was "one of the few trials to proceed since the easing of COVID-19 restrictions." *Id.* at Dkt. No. 33: Gov't MIL at 3–4. Those concerns are also not present here.